Jones (Oliver B.), J.
This is a proceeding in error in which it is sought to have this court review the judgment of the court of common pleas, division of domestic relations, granting a divorce and alimony.
Previous to the recent amendment of the Constitution, under which the jurisdiction of the court of appeals was fixed, it has consistently been held, under the different forms of the divorce statute, that no appeal or review by error proceedings of a *450 divorce decree could be had; and this rule was established as a matter of public policy, because of the inherent nature and effect of the decree of divorce, rather than because-of the terms of the statute. Bascom v. Bascom, 7 Ohio (pt. 2), 125; Laughery v. Laughery et al, 15 Ohio, 404; Tappan, Jr., v. Tappan, 6 Ohio St., 64; Parish v. Parish, 9 Ohio St., 534, and Mulligan v. Mulligan, 82 Ohio St., 426.
The terms of Section 6, Article IV of the Constitution, as amended September 3, 1912, as construed by the Supreme Court in the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, broadly taken, might authorize and require a review even of a decree of divorce, as was indeed suggested in the dissenting opinion of Nichols, C. J., at page 424; but considering the uniform rule that has existed in this state up to this time we are loth to hold that such change was intended by the amendment to the Constitution, and therefore declare that in our opinion the judgment for divorce is not subject to review by this court.
The same rule, however, has not obtained with respect to a judgment for alimony, and this court in the instant case has jurisdiction to consider that part of the judgment below which related to the subject of alimony.
The amount and method of payment of the alimony allowed by the court below is not criticised by plaintiffs in error, but the contention is made that no valid marriage between the defendant in error, Louise Pappalardo, and the plaintiff in error, Joe Pappalardo, w.as established by the evidence, for the reason that said Joe Pappalardo had a first wife still living at the time defendant in error claimed the marriage took place, that such first wife was living at the time of the- judgment below, and that no divorce had been had between her and said plaintiff in error, Joe Pappalardo.
It is however contended by the defendant in error that the question as to the marriage has been conclusively settled by the decree of divorce rendered in the court of common pleas, and that, if that decree can not be disturbed by review in this court, the parties are concluded by it so far as the validity of their marriage is concerned, upon which is predicated the right to alimony on the part of the wife.
*451 We are unable to grant this contention, however, because if this court is authorized to review the matter of the judgment below so far as it related to alimony, which'review could'in no way disturb the divorce, the judgment below must not be deemed conclusive in any way as to the right of defendant in error to secure alimony. The point contended for, as to the conclusiveness of the divorce judgment fixing the right to alimony, was raised in the case of Cox v. Cox, as found in 19 Ohio St., 502. The only difference between .that case and the one under consideration here is that that case came into the district court from the common pleas court by appeal, while the instant case comes into this court on error. In Cox v. Cox the Supreme Court held that the effect of the appeal was to reopen for trial in the appellate court all the issues of fact upon which the rights of the parties with respect to alimony depended. The same rule would apply here and permit the court to review all of the issues between the parties upon which the right to alimony depends. It is not necessary, however, for this court to determine the weight of the evidence or the question as to whether or not plaintiff below might ibe entitled to alimony, under all the facts shown by the record, consideration being given the rule laid down in Vanvalley v. Vanvalley, 19 Ohio St., 588.
The record clearly discloses that the court below erred in regard to the admission of evidence, in refusing to permit the defendant Pappalardo- to testify as to his former marriage, and also in refusing to admit the testimony of Angelo Zapulla and Dominick Bosca, offered to show that they were present at the church and witnessed the former wedding of Pappalardo.
In the case of Wolverton v. State of Ohio, 16 Ohio, 173, it was held that the admissions of the defendant to a prior marriage might be given in evidence to prove the fact of such marriage in a trial for bigamy. Birchard, C. J., on pages 177 and 178, used the following language :
“It is said on behalf of plaintiff that the rilling of the court was in conflict with the well-established rule requiring the best evidence to be produced of which the nature of the case admits, and that, by the law of the state of Michigan, records are required to be kept of all marriages, and that the prosecutor should *452 have been required to produce the record. Upon this theory, it would follow that the marriage could not be proved by a person present at the ceremony; and yet such proof is always admissible. ’ ’
In Miles v. United States, 103 U. S., 304, it was held that the' trial' court, on .an indictment for bigamy, properly admitted the declarations and admissions of the husband to prove the facts of his first marriage, and the Supreme Court approved the charge of the trial court to the effect that the declarations of the accused were evidence proper to be considered by the jury as tending to prove an actual marriage; that such marriage might be proven, like any other fact, by the admissions of the defendant or by circumstantial evidence; and that it was not necessary to prove it by witnesses who were present at the ceremony. In the opinion of the court, at page 311, it is said:
“To hold that, on an indictment for bigamy, the first marriage can only be proven by eyewitnesses of the ceremony, is to apply to this offense a rule of evidence not applicable to any other.
“The great weight of authority is adverse to the position of the plaintiff in error.”
In Umbenhower v. Labus, 85 Ohio St., 238, which was a case involving the validity of a common-law marriage and the legitimacy of a child, it was stated at page 244 of the opinion of the court, rendered by Judge Price, that the state recognizes marriage as a civil contract, and that “it may be proved by competent parol proof and circumstances when the degree of proof is clear and satisfactory to the court or jury.”
In 1 Bishop on Marriage, Divorce and Separation, Sections 1047, 1048 and 1049, the rule is laid down that it is competent to prove the fact of a marriage by the clergyman or other official person by whom it was solemnized, by the testimony of one who was present, or by either of the parties, when they are not incompetent witnesses. In Section 1050 it is stated.
“Proof by witnesses present has been deemed better than by record.. Yet in law either will in any case suffice.”
*453 The record in this ease fails to show the state of the lay? in Italy, where defendant claimed to have been first married, in regard to the essentials of a ceremonial marriage and its record. Defendant’s counsel, however, stated that they had endeavored to procure a record of the marriage, but had failed to do so because of the existing European war seriously interfering' with shipping and communication with Italy, thus furnishing an excuse for their failing to obtain and produce record evidence of the marriage.
Because of these errors in regard to the admission of testimony, the judgment below, so far as it relates to the matter of alimony, must be' reversed, and the cause remanded for further proceedings.
In order, however, that the plaintiff below may not fail to secure any relief to which she may ultimately be found to be entitled, the temporary restraining order against the Union Savings Bank & Trust Company will be continued, subject to the further order of the court of common pleas.
Judgment reversed,, and cause remanded.
Jones (E. H.), J., and Gorman, J., concur.