# Cox v. Cox.

*Divorce—Error proceedings—Court of appeals—Final order—
Overruling motion to set aside decree denying divorce—
Journalized decree and not oral announcement governs.*

1. The overruling by the trial court of a motion to set aside
   a judgment denying a decree of divorce and dismissing
   the petition is reviewable on error by the court of ap-
   peals.
2. An oral announcement by the trial court, at the close of
   the testimony in a divorce proceeding, that a decree is
   granted, is not a judgment and does not dissolve the
   marital contract where no decree is entered on the min-
   utes of the court.

(Decided July 31, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. J. Q. Martin* and *Messrs. Hicks & Hicks,* for
plaintiff in error.

BY THE COURT. The action below was for
divorce. Defendant was served by publication,
and presented no defense.

On November 6, 1919, evidence was heard, and
the court, at the close of the testimony, orally
announced that a decree was granted for wilful
absence. No decree was entered on the minutes
of the court, nor was any decree presented to the
court for entry.

On January 27, 1920, a decree was entered,
denying the divorce and dismissing the petition.
On the following day, plaintiff filed a motion to
set aside the judgment, on the ground that the
oral pronouncement by the court on November 6,

1919, dissolved the marriage contract, and that the court was without jurisdiction to enter any further decree or judgment, denying the divorce. This motion was overruled and to reverse this ruling error is prosecuted here.

Under the authority of *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, this order is reviewable.

The record of the court does not show the entering of any decree granting the divorce, the only decree of record being the one of January 27, 1920, denying the divorce, and dismissing the petition.

In the case of *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, the first proposition of the syllabus holds:

"The court speaks through its journals and a judgment is not rendered until it is reduced to a journal entry."

So that under the above authority the only judgment rendered was that of January 27, 1920. The oral pronouncement of the court was not a judgment, nor did it dissolve the marital contract.

After the oral pronouncement by the court, November 6, 1919, the plaintiff in error remarried, and it is claimed that the overruling of the motion to set aside the judgment of January 27, 1920, which was entered after such marriage, was in derogation of the contract of marriage thus entered into. If the pronouncement of the court on November 6, 1919, was a final order, granting the divorce, the court would have been without authority to enter the decree of dismissal on January 27, 1920; but, if the oral pronouncement was not

a final determination of the cause, then the decree of January 27, 1920, would stand.

Various causes are cited to show that prior to the determination of the case of *Chandler & Taylor Co.* v. *Southern Pacific Co., supra,* the rule in Ohio had been that an oral pronouncement was a determination of the question, and was in effect a judgment, and that to hold now under the above authority that the oral pronouncement was not a final determination would be to nullify the second marriage, which was a lawful contract when entered into, and to give an *ex post facto* effect to the decision, rendering plaintiff in error guilty of a crime by reason of the second marriage.

An examination of the authorities cited, however, does not show that an oral pronouncement, without any record whatever being made thereof, could be considered a judgment.

The case of *Sapp* v. *Sapp,* 14 C. C. (N. S.), 269, relied upon, is a case wherein the trial docket showed a decree for plaintiff, and on the same day a proper journal entry was filed with the clerk of the court, decreeing that the marriage relation existing was dissolved.

In *Nauman* v. *Nauman,* 4 C. C. (N. S.), 298, the record shows that the granting of the decree of divorce to Nauman had been noted on the appearance docket. The court held in that case that it was wholly immaterial that the entry had not been made upon the journal, as an entry had been made upon the minutes.

The case of *State, ex. rel. Best,* v. *Meacham, Clerk,* 6 C. C., 31, which was an appeal case, states at page 34:

"The record shows that the judgment was rendered, that the amount of the bond was fixed by

the court, bond given and approved, its sureties being approved by the clerk of the court."

In all of these cases there was some actual entry made upon the record. In the present case there was no entry of any kind upon the record of the court. It appears by affidavit that there was a notation of the granting of the decree in the minute or memorandum book of the judge. But this is not a court record. There must be something of record to show a determination of the matters involved.

Finding no error in the overruling of the motion to set aside the judgment of January 27, 1920, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.