18125—David B. Carpenter v. Ruth Smith and the Industrial Commission of Ohio. Motion by defendant to dismiss petition in error. Sustained.

18134—Albert H. Zimmerman, a minor, v. The Morris Plan Bank. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

18136—Elmer A. Momenee, Admr., v. Albert W. Krupp. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled.

18145—D. D. Booher et al v. H. R. Talmage. Motion for an order directing the Court of Appeals of Morrow county to certify its record. Overruled.

18156—State, ex rel. Frank L. Ryan et al., v. R. L. Patton, as President of the Board of Education of Burlington Township, Licking County. Demurrer petition. Overruled.

18209—The State, ex rel. The Werk Realty Co., v. George R. Hauser, Commissioner of Buildings; in Mandamus. Dismissed upon application of relator, without prejudice and record, at its costs.

---

## NEW CASES FILED

18209—The State of Ohio ex rel The Werk Realty Co. a corporation under the laws of the State of Maine, vs. George R. Hauser, Commissioner of Buildings of the City of Cincinnati. In Mandamus, John V. Campbell and Montogue, Schorr & Renner, Cincinnati, for plaintiff; Saul Zielonka, City Solicitor and Landon Forcheimer, Assistant City Solicitor, Cincinnati, for defendant.

18213—Victor E. Rehr, Receiver for The Warren Cartage & Coal Co. v. The Trumbull Lumber Co.; motion for an order directing the Court of Appeals of Trumbull Couty to certify its record. G. H. Birrell, Warren, for plaintiff; Buckwalter & Clark, Warren for defendant.

18214—The Forest City Investment Co. v. Rosa Haas; error to the Court of Appeals of Cuyahoga county, Friebolin & Byers, Cleveland for plaintiff; George Spooner, Cleveland, for defendant.

18215—Lawrence Muller v. G. A. Miller; motion for an order directing the Court of Appeals of Stark county to certify its record. Clarence Fisher and Lyman Rogers, Canton, for plaintiff; Lynch, Day, Kunkle & Lynch, Canton, for defendant.

18216—In re Reba Fenwick, Ex Parte; Habeas Corpus; error to the Court of Appeals of Darke county. Mamix, Crawford & Billingsley, Greenville, and P. J. Myers, Prosecuting Attorney, Greenville, attorneys.

---

If you do not read the Abstract when you get it, you lose part of the usefulness and pleasure you would otherwise get.

## SUPREME COURT OF OHIO
## DECIDED CASES

### No. 856
### COX v. COX
Ohio Supreme Court
Decided October 23, 1923
To Appear in 108 OS.

226. JUDGMENTS.

Judgment of dismissal in divorce announced, but not entered, is not rendered so as to prevent a subsequent dismissal of the petition from being valid, and not subject to being vacated.

PER CURIAM.

Epitomized Opinion

Fred G. Cox, plaintiff in error, brought suit in the Hamilton Common Pleas, for divorce, against Murtice Cox. On Jan. 27, 1920, this court, as shown by its journal entry of that date, found that the plaintiff was not entitled to the divorce, and dismissed the petition. On the following day the plaintiff filed his motion, to set aside the judgment dismissing the petition, on the ground that the divorce proceeding had come on for hearing on Nov. 6, 1919, and decision announced granting him a divorce and that relying thereon, he had again remarried; by reason of which the court lost jurisdiction of the subject of the action, and the parties, and had no authority to enter judgment of dismissal on Jan. 27, 1920.

The Common Pleas overruled the motion, and error was taken to the Court of Appeals, which found no error had been committed by the Common Pleas, whereupon error was prosecuted in the Supreme Court, which held:

No entry of judgment was made in the case, prior to that of Jan. 27, 1920, and apparently no application was made for a nunc pro tunc entry of any judgment claimed to have been entered, and that as a court speaks through its journal entry, and as a judgment is not rendered until it is reduced to a journal entry (Indus. Com. v. Musselli, 102 OS. 10; 130 N. E. 130), no error was committed by the Court of Appeals.

Attorneys—Hicks & Hicks and J. Q. Martin, Cincinnati, for plaintiff in error.

---

### No. 857
### NOCTOR et al v. STATE, ex rel LINEHAM
Ohio Supreme Court
No. 17891. Decided June 26, 1923
To Appear in 108 OS.

164A. ELECTIONS.

Mandamus, a proper remedy to compel issue of a certificate of election to a candidate for city council —Appearance of candidate's name on two tickets, validity of votes.

PER CURIAM.

Epitomized Opinion

At an election for Council in Ward 20, Cincinnati, Walter C. Lineman and John C. Sheehan were the