WIEGAND *v.* WIEGAND.

(Decided February 6, 1928.)

*Messrs. Copeland & Quintrell,* for plaintiff in error.

*Mr. F. E. Bruml,* for defendant in error.

SULLIVAN, P. J. This cause is here on error from the court of common pleas of Cuyahoga county, and in it it is sought to reverse the common pleas court because of its ruling of August 11, 1926, refusing to vacate a judgment for alimony, to which ruling the plaintiff in said court then and there excepted.

It appears that in December, 1925, the plaintiff,

Mildred I. Wiegand, by her next friend, commenced suit for alimony against the defendant, and personal service having been obtained on December 14, 1925, the motion for temporary alimony was refused. On December 21, 1927, an answer and cross-petition was filed by the defendant, and it was indorsed as showing service upon the plaintiff, an insane person, and the method of delivering to her a copy thereof, and service was also made on the superintendent of the State Hospital, in whose custody the plaintiff as an insane person was found to be.

On July 16, 1926, an answer to defendant's crosspetition was filed by a trustee appointed by the court, and thereafter the case was heard and submitted, and a decree was rendered for the defendant upon his cross-petition for divorce, and the petition for alimony dismissed.

The ground of divorce was adultery. The custody of the children was awarded to the defendant, with permission of the plaintiff to visit them, and alimony was granted to neither party.

Subsequently, the plaintiff filed a motion to vacate or modify the judgment, and the motion was overruled by the trial court, and it is to this ruling that exception was taken and error is assigned.

Section 11249, General Code, which is decisive of the question, reads as follows:

''The defense of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by a trustee for the suit, appointed by the court. If the insanity of a party be discovered, or he becomes insane, after action brought, it thereafter shall be

prosecuted or defended by his guardian, or his trustee appointed as herein provided.''

It will be observed by the language of the statute that the appointment of a trustee is only authorized in the case there is no guardian, and it is conceded in this case that, at the time of the trial, the insane person, Mildred I. Wiegand, had a duly appointed guardian, who was not made a party to the suit, and whose first entrance into the litigation was by the motion made after judgment to vacate or modify the decree as to alimony, on the ground that under the statute, the trustee was powerless to represent the insane person in court, except, according to the terms of the statute, there was no guardian duly appointed and qualified acting for her.

The purpose of this statute, under all the authorities, and by virtue of its language, is for the security and protection of the insane person; because of mental disability she needed the protection of the law in the way specified by the law itself. It will be noted that the language of the statute is that the action should be prosecuted or defended by his guardian, or trustee, appointed as provided in the section above referred to.

We think that a substantial right of the plaintiff was affected by the fact that the guardian was not served, was not a party to the lawsuit, and did not take part in the proceedings; but, on the contrary, the authority of the trustee was substitued therefor.

It is purely a statutory proposition, and there is no ambiguity in the statute, and so we are bound to follow it. There is no contest made as to the divorce, so the question of alimony alone is under consideration, and the decision herein is in no manner in-

tended to affect the decree as to divorce, for the reason that it is not an issue in oral argument, or by briefs; nor was it seasonably raised in the court below under the record.

Under the authority of *Fiesler* v. *Fiesler,* 83 Ohio St., 200, 93 N. E., 899, and *Weidman* v. *Weidman,* 57 Ohio St., 101, 48 N. E., 506, and other authorities of a similar nature, the law seems to be as laid down in *Weidman* v. *Weidman, supra,* 57 Ohio St., at page 103, 48 N. E., 507:

"But in actions for divorce in which the court has jurisdiction of both parties by personal service, the final decree of divorce will include all questions of alimony, and the wife cannot thereafter maintain a separate action against her late husband for such alimony."

There is no question that under Section 6, Article IV, of the Constitution of Ohio, this court, in cases like the one at bar, has jurisdiction to consider the questions presented in this case. This was determined in the well-known case of *Wells, Jr.,* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71.

The judgment rendered by the court below was a final judgment to which error could be taken, as is shown in *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 135 N. E., 620; *Cox* v. *Cox,* 17 Ohio App., 25, affirmed without report, 108 Ohio St., 473, 141 N. E., 220; and in *Pappalardo* v. *Pappalardo,* 6 Ohio App., 291. We quote from the latter case as follows:

"The same rule, however, has not obtained with respect to a judgment for alimony, and this court in the instant case has jurisdiction to consider that part of the judgment below which related to the subject of alimony."

It is our unanimous judgment that the motion to vacate the judgment, on the application of the guardian, should have been granted, and the refusal of the court so to do was prejudicial to the substantial rights of the plaintiff in error, under the requirements of the statute above quoted.

It is conceded in argument that the learned court, who tried the case in the common pleas court, took the precaution to call up and inquire as to the proper representative in the trial of the case of the insane person, Mildred I. Wiegand, and that in answer to his inquiry he was informed that there was to be no contest, or, at least, that proceeding with the trial was perfectly satisfactory. Had this information not reached the court, unquestionably the court would not have proceeded with the trusteeship instead of the guardianship, but under all the circumstances, notwithstanding this precaution on the part of the court to protect the interests of the insane ward, it is our judgment that the motion to vacate should have been granted, and the guardian given a right to properly defend under the authority of the statute.

Holding these views, the judgment of the lower court is hereby reversed as to alimony alone, and the cause as to that question is remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed.*

VICKERY and LEVINE, JJ., concur.