Robinson, J.
 

 The question is whether the jurisdiction of the Court of Appeals to review the judgment was invoked. The allegations of the petition and the finding of fact of the trial court were to the effect that Harry R. Greenlee owned the policies and that they had value. The insurance company was joined as a party defendant for the sole purpose of enabling the court to make effectual any decree awarding alimony to the plaintiff in error out of Harry R. Greenlee’s ownership of the policies. The insurance company, as between Harry R. Greenlee and the plaintiff in error, upon the issuance of the temporary injunction occupied the position of a stakeholder. Its interest in the outcopie of the liti
 
 *602
 
 gation did not extend beyond having it judicially determined to which of the two it might, without being in contempt of court or incurring liability to the other, deliver all or a portion of the property it held as such stakeholder. A modification or reversal of the judgment dissolving the temporary restraining order against it, and the judgment that the trial court had no jurisdiction to continue the injunction or make any further order with reference to the policies issued by it, could only affect it in so far as they might change the beneficiary of its obligation to pay. They could not enlarge or diminish its obligation; whereas, any modification or reversal of the judgment would necessarily affect the property right of Harry R. Greenlee in such policies, and either deprive him of the whole or a part of his interest therein, or subject him to a retrial of that issue. He was the real party in interest, against whom the proceeding in error was directed, just as he was the real party in interest against whom the original action was directed.
 

 It is fundamental that the jurisdiction of a court to enter a. final judgment affecting a personal or a property right is not self-executing; that it may only be exercised when properly invoked; that it cannot be invoked over a party without his consent except by actual or constructive service upon him. Independent of any statute upon the subject, a modification or reversal of the judgment of the trial court that had Harry R. Greenlee before it, which released the property of Harry R. Greenlee from the control of the court, by a reviewing court which did not have him actually or constructively before it,
 
 *603
 
 would violate the due process clause of the Federal Constitution and the due course of law clause of the state Constitution.
 

 Section 12259, General Code, provides: “The proceedings to obtain such reversal, vacation, or modification [referring to the provision in the preceding section as to how final orders may be vacated, modified or reversed] shall be by petition in error, filed in a court having power to make the reversal, vacation or modification, setting forth the errors complained of. Thereupon a summons shall issue and be served or publication made, as in the commencement of an action. A service on the attorney of record in the original case shall be sufficient. ’ ’
 

 The section provides for that which both Constitutions require, relates to the mode of invoking the jurisdiction of the Court of Appeals, is a proper subject of legislation, and is unambiguous. The jurisdiction of the Court of Appeals to review, modify, or reverse the judgment of the common pleas court, as affecting the property of Harry it. Green-lee, was never invoked. The petition in error of the plaintiff in error, therefore, will not be entertained here. The petition in error is dismissed.
 

 Petition in error dismissed.
 

 Marshall, C. J., Jones, Matthias, Hat and Kinkade, JJ., concur.
 

 Allen, J., not participating.