**BALDWIN et v LINT et**

Ohio Appeals, 6th Dist, Lucas Co

Decided April 6, 1936

Edward Lamb, Toledo, for plaintiffs in error.

Smith, Baker, Effler & Eastman, Toledo, Doyle & Lewis, Toledo, Marshall, Melhorn & Marlor, Toledo, Welles, Kelsey & Coburn, Toledo, and Brandon G. Schnorff, Toledo, for defendants in error.

**OPINION**

By LLOYD, J.

On August 7, 1934, Lowell L. Baldwin and Thomas G. Kugeman, stockholders in The City Auto Stamping Company, as plaintiffs, commenced an action in the Court of Com-

mon Pleas of Lucas County against Amos Lint and other officers and directors of the company, and by an amended petition thereafter filed made the company a party defendant thereto. The basic claim of the plaintiffs Baldwin and Kugeman was that the defendant officers and directors had been guilty of "misfeasance, malfeasance and non-feasance" in the several respects stated in the amended petition as to a contract alleged wrongfully to have been made without consideration, and, "acting in conspiracy among themselves," had wrongfully omitted to do certain alleged things and had "secretly and collusively agreed to pay" in the execution of the contract certain sums of money whereby the assets of the company had been wrongfully dissipated and wasted. The plaintiffs also allege that they made personal protest as to the acts complained of, and under date of May 19, 1934, made written demand upon The City Auto Stamping Company, and upon each of the defendants as officers and directors thereof, to rescind the acts complained of and to institute all proper and necessary actions to recover its assets and property; that the defendant directors, or a majority of them, met on or about May 25, 1934, and refused to institute such action against the officers and directors in behalf of the corporation, and that "each and all of said directors wrongfully and negligently and in violation of the rights of the company and to the great loss of the company approved and attempted to ratify said wrongful actions herein complained of."

The object of the action was to compel an accounting to the company for sums of money alleged to have been wrongfully expended by the defendant officers and directors without authority on their part.

As a second defense the defendant officers and directors in their answer filed on December 24, 1934, alleged as did also the company in its answer filed on May 1, 1935, that the complained of acts were within their lawful powers and involved the exercise of judgment and discretion, and "were entirely free from any fraud, wrongdoing or personal interest of such directors and officers," and that at a special meeting of the directors of the company called and held on May 27, 1933, and at the annual meeting of its stockholders held on April 11, 1934, by a vote of 261,303 shares issued and outstanding, as against 160 of such shares "the several contracts and transactions and the acts and conduct of the officers and directors in connection therewith * * * were * * * duly ratified, approved, adopted and confirmed."

In the answer of the company, as well as in the supplemental answer of the several officers and directors, it was further alleged that at the annual meeting of the stockholders held on April 10, 1935, the "acts and conduct of the officers and directors" of the company were again ratified by resolution duly and regularly adopted, the only negative votes thereon being 155 shares owned by the plaintiffs.

After disposition by the trial court of several intervening motions, the plaintiffs on April 20, 1935, filed their reply to the answer of the defendant officers and directors, wherein, as to the second defense of the answer, they "deny each and every allegation contained therein." Thereafter on June 7, 1935, the defendant directors and officers filed a motion to strike from the files the reply of the plaintiffs to the second defense of their answer "on the ground that said reply is a sham pleading," and "further move for a summary judgment" dismissing the amended petition of the plaintiffs, and according to the bill of exceptions, the attorney for plaintiffs left on the morning of the same day for a trip to the Orient. On June 25, 1935, plaintiffs' attorney being still away, the court without the knowledge of either of the plaintiffs, and without any attempt to notify them thereof, granted in an ex parte hearing the motion of the defendants, and rendered the requested judgment. It seems that a Mr. Seps, sharing office space with plaintiffs' attorney, but not otherwise associated with him, had asked one of the attorneys for defendants whether the "journal entry could not be held in abeyance because of Mr. Lamb's absence from the country." Whatever the reason may have been, this was not done, and a journal entry prepared by attorneys for defendants was approved by the trial judge, and without submission to either of the plaintiffs or to any one representing them, was filed.

Thereafter, on June 28, 1935, Mr. Seps, although not an attorney for plaintiffs, nevertheless, and as the record indicates, at the suggestion of the trial judge, filed a motion—signing the name of Mr. Lamb, plaintiffs' attorney, thereto—asking the court to vacate the summary judgment theretofore entered and to grant a rehearing of defendants' motion therefor, "for the reason that the ruling of the court was made without giving plaintiffs an opportunity to be heard." Upon Mr. Lamb's return this motion was heard, and denied

by the court on November 7, 1935. From that order plaintiffs prosecute error to this court against the defendant officers and directors, who have filed in this court a motion to dismiss the petition in error, because:

1. The order of the Common Pleas Court entered November 7, 1935, from which said petition in error is filed, is not a final order subject to review by this court.

2. The alleged errors assigned in said petition in error are addressed to the judgment entered by the Common Pleas Court on June 25, 1935, the time for prosecuting error from which had elapsed prior to the filing of said petition in error.

3. The City Auto Stamping Company, an indispensable party, is not made a defendant in error.

As we view it, the plaintiffs were entitled to their day in court on the motion for judgment submitted and granted in their absence and in the absence of their attorney, and without notice to any of them, and that the order overruling the motion filed at the same term of court ▮▮▮▮▮ to vacate same affected a substantial right, and was under the facts and circumstances as shown by the record and bill of exceptions in the case a final order from which error could be prosecuted. Cox v Cox, 104 Oh St, 611; 136 NE, 823; Cox v Cox, 108 Oh St, 473, 141 NE, 220.

The petition in error states that the judgment sought to be reversed was entered "at the September, 1935, term of the Court of Common Pleas." The only judgment in the instant case, made at the ▮▮▮▮▮ September term of that court, was the order overruling the motion of plaintiffs to vacate the judgment theretofore entered at the ex parte hearing had on June 25th. The second ground of defendant's motion herein is therefore untenable.

As said at page 255 of the opinion in **Wangerien v Aspell**, 47 Oh St, 250, 24 NE 405:

"Beyond doubt, good practice requires that, all parties to the judgment below, who may be affected in any way by the judgment of this court, should be before it, and serious inconvenience and embarrassment might result from their absence; but, if the court has acquired jurisdiction of the cause, the absence of parties who may be affected does not necessarily demand a dismissal thereof. The proper course to pursue in such case must depend upon the exercise of a sound discretion under all the circumstances before the court."

The City Auto Stamping Company was made a party defendant to the action commenced in the Court of Common Pleas and the sole purpose and necessity therefor was that any recovery had therein at the instance of the plaintiffs might, by order of the court, be paid to it, and we can not agree with counsel that the company is so united in interest with the plaintiffs in the prosecution of their alleged ▮▮▮▮▮ cause of action as to be adverse in interest to the defendant officers and directors, in the sense that it is a necessary and indispensable party to these error proceedings. The action of the directors and stockholders of the corporation as pleaded in their answer as well as in the answer of the company precluded the company from commencing the action requested by plaintiffs, and the company was made a party defendant to the action brought by the plaintiffs solely for the incidental purpose above mentioned.

It seems rather a strange paradox that despite the contention of the defendant officers and directors that this court has not jurisdiction to consider the order of the trial court refusing to vacate the judgment theretofore rendered, because they as individuals are not united in interest with the company, their attorneys file answers for them and for the company identical in effect, and praying that the "amended petition may be dismissed at the costs of plaintiff," thus uniting the corporation with them in opposition to the alleged cause of action of the plaintiffs.

It would seem that what is said in the syllabus in **Greenlee v New York Life Ins. Co., 123 Oh St, 599, 176 NE, 456**, is applicable in principle to the instant case. This syllabus reads:

"The jurisdiction of the Court of Appeals to review, modify or reverse a judgment of an inferior court cannot be invoked without service, or its equivalent, upon all parties who would be prejudiced by a modification or reversal of such judgment and who were actual parties in such inferior court."

So, in the instant case, whether the company is or is not a party to the error proceedings can not affect adversely the individual defendants against whom a judg-

ment of reversal is sought, especially when they and the corporation by their conduct as pleaded in their answers have united to oppose and defeat the cause of action pleaded by the plaintiffs in their amended petition. It may be, as alleged by the corporation in its answer, that it "has not now and never has had any right of action against the defendants," and as alleged by the defendant officers and directors in their answer "that the suit has been filed and is being prosecuted in bad faith, not in the interests of said The City Auto Stamping Company and its shareholders, but in the interest of third persons, including plaintiffs' attorney herein, and for the purpose of vexing, harassing and embarrassing said defendants and said The City Auto Stamping Company."

But these questions are not now before this court for consideration. It is not claimed that the amended petition does not state a cause of action, and it alleges malfeasance and collusion, which, if factually true, could not, as stated by defendants in their brief, be condoned unless acquiesced in by all of the stockholders.

The sole question before this court is whether the order of the trial court denying the motion to vacate the judgment theretofore rendered should be affirmed or reversed. In our judgment the record discloses a gross abuse of discretion on the part of the trial court in dismissing the plaintiffs' amended petition in the known absence of and without notice to them or to their attorney, especially when it was done in the last week of June when the active work of the court was about to end for the summer months. It is patent to this court that the order of the trial court in overruling the motion of plaintiffs to vacate the judgment so entered should and therefore will be reversed with directions to that court to grant the motion and vacate the judgment of June 25th.

Although, for the reasons given, this court does not deem the company a necessary party to these proceedings in error, nevertheless, the motion of plaintiffs to make it a party thereto having been made, will be granted, and judgment of reversal will not be entered until this is done and it has been served with process.

Judgment accordingly.

OVERMYER and CARPENTER, JJ, concur.