MATHIAS, APPELLEE, *v.* MATHIAS ET AL., APPELLANTS.

(No. 740—Decided May 1, 1946.)

*Mr. Arthur B. Cunningham,* for appellee.

*Mr. Charles Greenlee* and *Messrs. Bowers, Stafford & Bowers,* for appellants.

SHERICK, P. J. This matter is heard on the motion of the plaintiff, appellee herein, to dismiss the joint appeal of the defendant Martha June Mathias, and of Carrie Walton who was made a party defendant dur-

ing the course of the pendency of the divorce cause.

Only the transcript of the docket and journal entries, which contains all the original papers, is before this court. It appears that the pleadings filed consist of a petition, an answer by Martha June Mathias, generally denying the allegations of plaintiff's petition, and a supplemental petition directed against the defendant, Carrie Walton. On February 8, 1946, a hearing was had, and on the same day a journal entry was prepared and filed by the trial court. That entry was not submitted to counsel and no exceptions were preserved therein in defendants' favor. The first and third paragraphs thereof are as follows:

"This day this matter came on for hearing on the petition of plaintiff and the evidence. * * *

"The court further finds upon the petition and the evidence adduced that the defendant wife has been guilty of gross neglect of duty as alleged in the petition. *It is therefore ordered by the court that this cause be continued for judgment until the last day of the present term of court at which time, unless the court should otherwise direct in the interim, it is ordered and adjudged by the court that the marriage contract heretofore existing between the said parties be dissolved and both parties released from the obligations of the same;* that the plaintiff be awarded all the property of the parties, including the real estate described in the petition, upon payment by the plaintiff to the defendant-wife of the sum of $300 within five days after the last day of the present term of court, and upon payment of the said sum of $300 said defendant-wife is ordered to convey said real estate to the plaintiff, his heirs and assigns forever, by good and sufficient deed in fee simple free from any right or claim of said defendant-wife to any estate of dower or otherwise therein, and upon failure of the defend-

ant-wife to make such deed, *a certified copy of this entry filed in the recorder's office of this county shall operate as such conveyance*; that the defendant, Carrie Walton, 1930 East Cook road, Columbus, Ohio, is hereby directed to pay to the plaintiff herein the sum of $900 which she now has in her possession given to her by the defendant-wife, which represents funds received by the defendant-wife from the sale of personal property belonging to the plaintiff, within five days after the last day of the present term of court; and it is further ordered that the plaintiff pay the costs of this proceeding taxed at $———.'' (Italics ours.)

On April 6th, defendants requested the court, in writing, to enter exceptions to the final judgment and entry of the court. On the same day defendants' counsel filed in the trial court a notice of intention to appeal from the final order rendered on the 8th day of February. That notice of appeal is accompanied by an affidavit of defendants' counsel, which states in part that the February 8th journal was filed without the approval of defendants' counsel, and that the trial court had refused the request of defendants' counsel to enter exception to the journal or to let the record show that the request was made and refused. On the 8th day of April there was filed in the trial court a paper denominated ''exceptions,'' wherein defendants except to the order of February 8th.

The transcript discloses that no further journal entry was filed in this cause after the February 8th entry.

The motion to dismiss is separately directed as against both defendants. In both appeals it is urged that the appeal was not perfected within the time prescribed by Section 12223-7, General Code. The attempted appeal of Carrie Walton is attacked upon the further ground that there is no final order appealed from as is provided in Section 12223-2, Gen-

eral Code. This last phase of the motion against Carrie Walton is not well taken. She is ordered to pay plaintiff the sum of $900, and it is clearly evident that such affects a substantial right, if the order be final.

The question for solution in this court is, Was the notice of intention to appeal filed within 20 days from the final order made, if any such order was made? The transcript does not show, however counsel have agreed, that the old term ended and the new term began some hour during the 8th day of April. If the order of February 8th was final as of that date, then it is apparent that the notice of appeal was filed too late. If it was final as of the last day of the term, that is April 8th, it is equally clear that the notice of appeal filed on April 6th was prematurely filed. The third horn of the dilemma, as previously suggested, rests in the query, Was there ever any final order?

The solution of the motion's problem is, of course, clearly not one of effect upon the status of the litigants, but purely one of the right of an unsuccessful litigant to perfect an appeal in a case like the one here presented.

We are confronted with several well settled rules. It is well established that a trial court has full control over its journals during the term. Second, the only form of divorce which Ohio courts may decree under the present statute, Section 11986, General Code, is an absolute divorce. We have no statute recognizing and sanctioning an interlocutory decree. Third, divorce decrees are considered as not having been rendered until journalized. See *Cox* v. *Cox,* 108 Ohio St., 473, 141 N. E., 220. Fourth, it is held in *Smith* v. *Smith,* 103 Ohio St., 391, 133 N. E., 792, that, where a court, after hearing the evidence, finds a party to be entitled to a divorce and orally grants it, mandamus will lie to compel the journalization thereof upon the record.

The journal entry of February 8th indicates three

things. First, a decree of divorce was to be entered on the last day of the term. Second, a certified copy of the entry would operate as a conveyance, which would contemplate that no further entry was to be filed. This is further evident as no such entry was or has been filed. Third, the court on February 8th did not contemplate entering final judgment at that time, but ordered *"that this cause be continued for judgment until the last day of the present term of court at which time,* unless the court should otherwise direct in the interim, *it is ordered and adjudged by the court that the marriage contract heretofore existing between the said parties be dissolved and both parties released from the obligations* of the same." The court did not otherwise decree in the interim. Hence it is apparent that its order was not only conditionally made, but was not to take effect until the last day of the term.

This court is of opinion that that portion of the entry was of no greater effect than if it had orally stated what the court proposed to do on the last day of the term; that is, that unless the court changed its mind in the interim, it proposed to grant a decree of divorce to plaintiff on the last day of the term in accordance with its conclusions reached in the February 8th entry. The rub comes in the fact that no further entry seems to have been contemplated even though the cause was "continued for judgment."

Had the defendants a right to presume that the court would enter a final judgment? We think they had. They seem to have been misled by the court's preparation and filing of the entry. They had and have a right to preserve their exceptions, even though the wife failed to actively resist the granting of a divorce at trial. It is not now a question as to whether any error intervened in the trial of the cause which should warrant a reversal or as to whether a failure

to demand a new trial precludes review, but purely whether defendants may appeal their cause. The letter and spirit of our appellate procedure is one trial and one review; and rules of court ought to be liberalized to that end.

The entry of February 8th in the respects now under review is not an absolute decree of divorce. If it were, it would have taken effect as of that date. Neither is it in effect an interlocutory decree, unknown and uncountenanced in Ohio divorce law. The court in *Preston* v. *Preston,* 102 Conn., 96, 123, 128 A., 292, speaking generally, states that:

"It is the office of an interlocutory judgment to order what further steps shall be taken and facts decided in preparation for the final judgment."

The following pertinent comment is found in 30 American Jurisprudence, 824, Section 8:

"Before judicial action may be regarded as a judgment, it must be clear that the action of the court is intended as such, and not merely as an indication of what the judgment is to be."

Two early Ohio cases consider the distinction between a final decree and an interlocutory order. In *Kelley* v. *Stanbery,* 13 Ohio, 408, it is said at page 421:

"A decree is final which disposes of the whole merits of the cause, and leaves nothing for further consideration of the court. A decree is interlocutory which finds the general equities, and the cause is retained for reference, feigned issue, or consideration, to ascertain some matter of fact or law, when, again, it comes under the consideration of the court for final disposition. When no further action of the court is required, it is final; when the cause is retained for further action, it is interlocutory."

In *Tcaff* v. *Hewitt,* 1 Ohio St., 511, 59 Am. Dec., 634, the question was considered again, and the following comment is found therein:

"A final decree is one which determines and disposes of the whole merits of the cause before the court * * * reserving no further questions or directions for future determination; so that it will not be necessary to bring the cause * * * again before the court for further decision. * * * An interlocutory decree is one which leaves the equity of the case, or some material question connected with it, for future determination. Where the further action of the court is necessary to give the complete relief, contemplated by the court upon the merits, the decree under which the further question arises, is to be regarded not as final but as interlocutory."

It is the judgment of this court that a final decree of divorce has not as yet been entered, that defendants' attempted appeal is now premature, and that when final judgment is entered defendants may perfect an appeal therefrom in accordance with the statutes made and provided. The first branch of the motion will at this time be sustained and the cause remanded for further proceedings.

*Judgment accordingly.*

PUTNAM and MONTGOMERY, JJ., concur.