**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1872 & 19-1873
_____

UNITED STATES OF AMERICA

v.

IKLAS RICHARD DAVIS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:17-cr-00271-001 & 2:18-cr-00041-001)
U.S. District Judge: Honorable Nora B. Fischer
_____

Argued June 14, 2022

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges.*

(Filed: September 13, 2022)

Kimberly R. Brunson
Lisa B. Freeland
Gabrielle I. Lee [**Argued**]
Office of the Federal Public Defender for the Western District of Pennsylvania
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222
        *Counsel for Appellant Iklas Davis*

Laura S. Irwin
Matthew S. McHale [**Argued**]
Office of United States Attorney for the Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee United States of America*

_____

`

OPINION[*]

_____

**FUENTES**, *Circuit Judge*.

Iklas Davis appeals his two federal judgments of conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). While his appeals were pending, the Supreme Court decided *Rehaif v. United States*, in which the Court held that, for firearms-possession offenses under 18 U.S.C. §§ 922(g) and 924(a)(2)[1], the Government must prove that the defendant knew that he belonged to the relevant category of persons prohibited from possessing a firearm.[2] Davis argues that the District Court failed to inform him of the *Rehaif* knowledge-of-status element for his federal offenses prior to his guilty plea. Under the applicable plain-error review, we conclude that Davis has not met his burden to show a reasonable probability that, but for the *Rehaif* error, he would not have pled guilty. We also conclude that any defect in the indictment does not constitute plain error. We will therefore affirm.

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] 18 U.S.C. § 924 was amended in June 2022. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, sec. 12004, § 934(c), 136 Stat. 1313, 1329 (2022). 18 U.S.C. § 924(a)(8) is now embodies the language that had appeared in § 924(a)(2). We refer to § 924(a)(2) herein, as this was the relevant subsection at the time of the offense and it is the version used in the parties' briefing and argument.

[2] *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

2

I.

In December 1999, Davis stole a handgun from a residence. The Court of Common Pleas of Allegheny County, Pennsylvania convicted Davis of Theft by Unlawful Taking or Disposition, in violation of 18 Pa. Cons. Stat. § 3921(a).[3] At the time of the offense, theft of a firearm was a third-degree felony punishable by up to seven years' imprisonment.[4] In his proceeding before the state court, Davis affirmed that he understood the felony charge and the potential punishment. On December 13, 2001, the state court sentenced Davis to a term of imprisonment of time served (137 days) up to 23 months. Davis was paroled effective the same day.

Years later, on July 27, 2016, law enforcement executed a warrant to search Davis's residence in connection with an investigation of identity theft. During the search, law enforcement found three firearms and ammunition, which Davis admitted belonged to him. Davis was charged in state court with unlawful possession of a firearm and identity theft, and he was released on bond. On October 10, 2017, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment charging Davis with unlawful

---

[3] *See* 18 Pa. Cons. Stat. § 3921(a) ("A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.").

[4] Shortly after the offense, an amendment to Pennsylvania law took effect such that theft of a firearm became (and remains today) a second-degree felony punishable by up to *ten* years' imprisonment. *See* Act of Dec. 15, 1999 (P.L. 915, No. 59, § 3) (effective Feb. 14, 2000) (adding a new section, 18 Pa. Cons. Stat. § 3903(a)(2), for theft of a firearm).

3

possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).[5] An arrest warrant was issued the next day.

On October 12, 2017, while Davis was still on bond, law enforcement executed an arrest warrant and a second search warrant of Davis's residence as part of the continuing investigation of identity theft. Law enforcement again found a firearm and ammunition belonging to Davis. Davis was thus charged with a second count of being a felon in possession of a firearm under § 922(g)(1).

A jury trial for Davis's two felon-in-possession counts began on November 6, 2018. Davis stipulated that he had been convicted of a felony before the execution of the first search warrant in July 2016. After the close of the Government's case, Davis moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. The District Court denied Davis's motion, finding that the Government had presented sufficient evidence for each element of the charged offenses such that a reasonable jury could conclude that Davis committed the offenses. After conferring with counsel, Davis changed his plea to guilty on both counts.

At the sentencing hearing on April 4, 2019, Davis stated that, at the time of the two searches of his residence, he was not aware that he was subject to a federal prohibition on felons possessing firearms. Although he acknowledged that he "had a felony," he asserted that his state-court conviction for theft by unlawful taking was not an offense that

---

[5] The indictment lists Davis's state-court theft conviction as the predicate felony conviction.

4

prohibited him from owning a firearm.[6]  The District Court sentenced Davis to 51 months'

imprisonment for each count, with the terms to be served concurrently.  Davis appealed

both judgements of conviction.

Two months after Davis filed his notices of appeals, the Supreme Court decided

*Rehaif*, in which it held that, for firearm-possession offenses under § 922(g), the

Government must prove that a defendant knew that he belonged to the relevant category of

persons prohibited from possessing a firearm.[7]  Davis sought vacatur of his conviction

based upon the Supreme Court's ruling in *Rehaif*.

We held Davis's appeals *curia advisari vult* ("C.A.V.") in light of a similar *Rehaif*

issue being litigated simultaneously in *United States v. Nasir*.[8]  After we decided *Nasir*

("*Nasir I*"), we continued to stay Davis's appeals until *Nasir I* was completely litigated.

During this stay, the Supreme Court decided *Greer v. United States*, which clarified the

standard for plain-error review in *Rehaif* claims.[9]  The Supreme Court then granted

certiorari in *Nasir I* to vacate our judgment and remand for us to consider the application

of *Greer*.  On remand, we issued a second *en banc* precedential opinion ("*Nasir II*"), which

rejected the defendant's claimed *Rehaif* error under the standard set by *Greer*.[10]

In February 2022, we lifted the stay of Davis's appeals and directed the parties to

file supplemental briefs addressing the effect of *Greer* and *Nasir II* on Davis's case.  In

---

[6] App. 291.
[7] *See Rehaif*, 139 S. Ct. at 2194.
[8] *See United States v. Nasir* ("*Nasir I*"), 982 F.3d 144, 151-52 (3d Cir. 2020) (en banc), *vacated*, 142 S. Ct. 56 (2021).
[9] *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021).
[10] *United States v. Nasir* ("*Nasir II*"), 17 F.4th 459, 464 n.4 (3d Cir. 2021) (en banc).

May 2022, this Court decided *United States v. Adams*, which further interpreted the new Supreme Court precedent.[11] We now examine Davis's appeals in light of these precedents.

## II.

The District Court had subject-matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. Since Davis failed to preserve his alleged errors in the District Court, we apply plain-error review.[12] To succeed under this standard, Davis must show four elements: (1) an error; (2) that is plain (i.e., clear or obvious); (3) that affected his substantial rights; and (4) that the error so "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" that this Court should exercise its discretion to correct it.[13]

## III.

Davis presents three arguments on appeal. First, he argues that the District Court plainly erred in accepting his guilty plea without informing him of the Government's burden under *Rehaif* to prove beyond a reasonable doubt that Davis knew of his status as a convicted felon. Second, he argues that his indictments are defective and must be vacated because they do not reference 18 U.S.C. § 924(a)(2) or list the *Rehaif* knowledge-of-status element. Third, he argues that 18 U.S.C. § 922(g)(1) itself is unconstitutional because it

---

[11] *See United States v. Adams*, 36 F.4th 137 (3d Cir. 2022).

[12] *See* Fed. R. Crim. P. 52(b).

[13] *United States v. Olano*, 507 U.S. 725, 732–34 (1993) (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)); *see also Greer*, 141 S. Ct. at 2096-97; *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004).

exceeds the authority of the federal government under the Commerce Clause of the U.S. Constitution.  We examine each argument in turn.

A.

First, Davis argues that the District Court erred when it accepted his guilty plea without informing him of the Government's burden to prove beyond a reasonable doubt that he knew of his status as a felon.  We review Davis's *Rehaif* claim for plain error because he did not preserve it in the District Court.  The parties do not dispute that Davis has satisfied the first and second elements of plain-error review: (1) an error, (2) that is plain.  The parties disagree on the third and fourth elements: (3) that the error affected Davis's substantial rights, and (4) that the error so seriously affects the fairness, integrity, or public reputation of judicial proceedings that this Court should exercise its discretion to correct it.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to possess or transport any firearm or ammunition.  At the time of Davis's federal conviction, the Government was required to establish three elements beyond a reasonable doubt to show a violation of § 922(g)(1): "(1) the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm; and (3) the firearm had travelled in interstate commerce."[14]

---

[14] *United States v. Higdon*, 638 F.3d 233, 239–40 (3d Cir. 2011); *see also United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

These requirements were altered in 2019 by *Rehaif*, in which the Supreme Court held that, in prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove two knowledge elements: (1) "the defendant knew he possessed a firearm," and (2) the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" (e.g., convicted felons) at the time of possession.[15]

In 2021, in *Greer*, the Supreme Court clarified the standard for plain-error review of unpreserved *Rehaif* claims, holding that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."[16] The Supreme Court recognized that "the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon."[17] "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."[18] Therefore, "if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different."[19]

---

[15] *Rehaif*, 139 S. Ct. at 2200.
[16] *Greer*, 141 S. Ct. at 2100.
[17] *Id.* at 2097.
[18] *Id.*
[19] *Id.*

Based on this standard, the Supreme Court found that neither of the two defendants in *Greer* met their burden of showing that their alleged *Rehaif* errors affected their substantial rights under plain-error review.[20] Neither defendant disputed the fact of their prior convictions: one stipulated at trial that he was a felon, and the other admitted that he was a felon when he pled guilty.[21] The defendants in *Greer* thus failed under the third element of plain-error review.

We recently applied *Greer* in *Adams*. Like Davis, Adams was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).[22] Adams argued that he lacked knowledge of status because, although he was convicted of an offense "punishable by imprisonment for a term exceeding one year," he was "sentenced only to probation."[23] However, we noted that, "*Greer*, in effect, created a presumption that the knowledge-of-status element is satisfied whenever a § 922(g)(1) defendant is, in fact, a felon."[24] We found that the "presumption of knowledge" described in *Greer* applied to Adams because he had four prior felony convictions and had stipulated to those convictions.[25] We found that Adams had failed to overcome this presumption and, as a result, he could not show a reasonable probability that he would have been acquitted had the District Court correctly

---

[20] *Id.* at 2096–98. Plain-error review applied because the defendants were convicted before *Rehaif* and therefore did not preserve their alleged *Rehaif* errors in the district court.
[21] *Id.* at 2097–98.
[22] *See Adams* 36 F.4th at 141.
[23] *Id.* at 152-53.
[24] *Id.* at 152 (internal quotation marks omitted).
[25] *Id.*

9

instructed the jury on the *mens rea* element of his felon-in-possession offense.[26]  Like the defendants in *Greer*, Adams too failed under the third element of plain-error review.

For Davis to succeed on the third element of plain-error review with respect to his guilty plea, he "must show a reasonable probability that, but for the error, he would not have entered the plea."[27]  He must make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."[28]  In evaluating Davis's *Rehaif* claim on plain-error review, we "may consider the entire record—not just the record from the particular proceeding where the error occurred."[29]  This includes the presentence investigation report and other "relevant and reliable information from the entire record."[30]

During his 2001 state-court proceeding for the felony theft conviction, Davis affirmed that he understood that he was being charged with "a felony of the third degree punishable by seven years in jail."[31]  The state court sentenced Davis to a term of imprisonment of up to 23 months.  Even though Davis only served four months of his sentence, he was still convicted of "a crime punishable by imprisonment for a term exceeding one year."[32]  During his federal proceeding, he stipulated that he had previously

---

[26] *Id.* at 153.

[27] *Dominguez Benitez*, 542 U.S. at 83; *see also Greer*, 141 S. Ct.at 2097.

[28] *Greer*, 141 S. Ct. at 2100; *cf. Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.").

[29] *Greer*, 141 S. Ct. at 2098.

[30] *Id.*

[31] Gov't Supp. App. 47.

[32] *See* 18 U.S.C. § 922(g)(1).

been convicted of a felony, and he acknowledged during his federal sentencing that he "had a felony."[33]  It "strains credulity" to believe that Davis was unaware of his felon status, especially given his own admissions in both the state and federal court proceedings.[34]

We conclude that Davis has not met his burden to show a reasonable probability that, but for the *Rehaif* error, he would not have pled guilty.  Since Davis cannot meet the third element of plain-error review, we need not consider the fourth element—whether this issue so seriously affects judicial integrity that it warrants correction by this Court.[35]

B.

Next, Davis argues that his indictments are defective because they do not include § 924(a)(2) or the *Rehaif* knowledge-of-status element.  Section 922(g) does not specify a knowledge requirement in the language of the statute itself, but § 924(a)(2) sets the penalties for "knowingly violat[ing]" § 922(g).[36]  Davis argues that a valid prosecution for a felon-in-possession offense must be under *both* § 922(g) and § 924(a)(2) because the pair work in tandem to define the crime such that, without one, there is no federal crime.  He argues that his indictments are defective and violate his rights under the Fifth and Sixth Amendments because they do not identify the knowledge element of the charged offenses.

---

[33] App. 291.

[34] *See Adams*, 36 F.4th at 153.

[35] Davis also argues that his *Rehaif* error is structural, but the Supreme Court directly stated in *Greer* that a *Rehaif* error in a plea colloquy is not structural.  *Greer*, 141 S. Ct. at 2100.

[36] *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.") (emphasis added).

He therefore contends that his convictions on these indictments must be vacated. We disagree.

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated" for each count.[37] An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."[38] An indictment that omits an element is not structural error. *United States v. Stevenson*, 832 F.3d 412, 426 (3d Cir. 2016). Instead, such an error may be disregarded when, "on the basis of the evidence that would have been available to the grand jury, any rational grand jury presented with a proper indictment would have charged that [the defendant] committed the offense in question." *Id.* at 428.

As explained earlier, the record discloses that Davis was informed that he faced seven years for his theft offense and was sentenced to a maximum of 23 months. Based on this evidence, a rational grand jury would have found that Davis was aware that he was convicted of a crime punishable by a term exceeding one year before he possessed

---

[37] Fed. R. Crim. P. 7(c)(1).
[38] *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)).

the firearms. Thus, his argument about his indictment did not affect his substantial rights, and so fails under the third prong of plain error review.

C.

Davis's third argument, that 18 U.S.C. § 922(g)(1) exceeds the power of the federal government under the Commerce Clause, is foreclosed by well-established precedent of this Court.[39] In *United States v. Shambry*, we reaffirmed the constitutionality of § 922(g)(1) as a valid exercise of Congress's commerce power, in agreement with "the overwhelming majority of our sister courts of appeals."[40] Davis concedes that he makes this argument only to preserve it for potential Supreme Court review. We therefore do not consider this argument further.

IV.

For the foregoing reasons, we will affirm the District Court's judgments of conviction.

---

[39] *See United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004); *United States v. Singletary*, 268 F.3d 196, 197 (3d Cir. 2001); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996).

[40] *Shambry*, 392 F.3d at 634; *see also Gateward*, 84 F.3d at 672 (citing cases from the Second, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits).